UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br><br>DENNIS A. CHIPPS, SR. and<br>KAREN M. CHIPPS,<br><br>Debtors. | **CHAPTER 13**<br>**CASE NO: 04-42170-HJB** |
| DENNIS A. CHIPPS, SR. and<br>KAREN M. CHIPPS,<br><br>Plaintiffs<br><br>v.<br><br>TOWN OF HOLLAND and<br>JEFFERY & JEFFERY, INC.,<br><br>Defendants. | **ADVERSARY PROCEEDING**<br>**NO. 14-04091** |

## MOTION OF TOWN OF HOLLAND TO DISMISS AND/OR STRIKE PORTIONS OF COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

To the Honorable Henry J. Boroff, United States Bankruptcy Judge:

NOW COMES the TOWN OF HOLLAND, the Defendant in the above-captioned Adversary Proceeding (the "Town"), and hereby moves this Court, pursuant to Rule 12(b)(6) and/or Rule 12(f) of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, to dismiss and/or strike those portions of the Complaint filed by Dennis A. Chipps, Sr. and Karen M. Chipps (the "Debtors") seeking damages for emotional distress and punitive damages, and all factual allegations contained in the Complaint supporting those requests, including without limitation, the following:

(a) Paragraph 18 of the Complaint;
(b) Paragraph 19 of the Complaint;

1

(c) Those portions of Paragraph 28 referencing emotional distress; and

(d) Those portions of the "Wherefore" paragraphs referencing or requesting punitive damages and/or damages for emotional distress.

In support hereof, the Town respectfully refers the Court to the Memorandum of Law filed herewith and incorporated herein by reference.

WHEREFORE, the Town respectfully requests the entry of an Order dismissing and/or striking those portions of the Complaint, outlined above, seeking damages for emotional distress and punitive damages, and all factual allegations contained in the Complaint supporting those requests, and providing such other and further relief as the Court deems just and proper.

        Respectfully submitted,
        TOWN OF HOLLAND
        By its Attorney,

        /s/ Spencer A. Stone
        Spencer A. Stone (BBO #674548)
        Bacon Wilson, P.C.
        33 State Street
        Springfield, MA 01103
        Tel.: (413) 781-0560
        Fax: (413) 739-7740
        sstone@baconwilson.com
        November 19, 2014

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: <br><br> DENNIS A. CHIPPS, SR. and <br> KAREN M. CHIPPS, <br><br> Debtors. | CHAPTER 13 <br> CASE NO: 04-42170-HJB |
| DENNIS A. CHIPPS, SR. and <br> KAREN M. CHIPPS, <br><br> Plaintiffs <br><br> v. <br><br> TOWN OF HOLLAND and <br> JEFFERY & JEFFERY, INC., <br><br> Defendants. | ADVERSARY PROCEEDING <br> NO. 14-04091 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF TOWN OF HOLLAND TO DISMISS AND/OR STRIKE PORTIONS OF
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)**

**I.      Introduction**

Defendant Town of Holland (the "Town"), through its undersigned counsel, respectfully submits this Memorandum of Law in support of its Motion seeking that the Court dismiss and/or strike those portions of the Complaint filed in the above-captioned Adversary Proceeding, requesting or making reference to damages for emotional distress and/or punitive damages.

**II.     Procedural History**

The docket in the Debtors' underlying bankruptcy case reveals the following procedural history.  On April 15, 2014, Dennis A. Chipps, Sr. and Karen M. Chipps (the "Debtors") filed a

1

voluntary petition seeking relief under the provisions of Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"). On December 16, 2004, the Court entered an Order confirming the Debtors' Chapter 13 Plan. On June 22, 2009, the Court granted the Debtors a discharge pursuant to 11 U.S.C. § 1328(a). On September 17, 2009, the Court entered an Order closing the Debtors' Chapter 13 Case. On September 15, 2014, the Debtors filed a motion requesting that their Chapter 13 case be reopened for the purpose of filing the above-captioned Adversary Proceeding. On October 3, 2014, the Court entered an Order approving the Debtors' motion to reopen.

On October 7, 2014, the Debtors filed a Complaint with this Court, naming the Town and Jeffery & Jeffery, Inc. as defendants, instituting the above-captioned Adversary Proceeding. The Complaint purports to allege causes of action for violation of the discharge injunction entered in the Debtors' underlying Chapter 13 bankruptcy case. In the Complaint, the Debtors seek a judgment awarding, inter alia, punitive damages and damages relating to emotional distress for the Town's alleged violation of the discharge. In addition, the Complaint contains certain factual allegations that, the Town submits, would serve only to support an award of punitive or emotional distress damages.

### III.     Argument

The Court may dismiss a Complaint if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Bankr. P. 7012(b). "The standard for granting a motion to dismiss is an exacting one: 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *McLaughlin v. Boston Harbor Cruise Lines, Inc.*, 419 F.3d 47, 50 (1st Cir. 2005) (quoting *Conley* v. *Gibson*, 355 U.S. 41 (1957)).

**A.** **The Court may not enter an award of punitive damages or damages for emotional distress, and therefore, the Complaint fails to state a claim upon which this Court may grant relief.**

As noted above, the Debtors' Complaint alleges a cause of action for violation of the discharge injunction entered in their underlying Chapter 13 case. In their Complaint, they request a

2

Judgment against the Town for, inter alia, emotional distress and punitive damages that they allegedly suffered. The Town submits that this Court may not enter an award for emotional distress or punitive damages against the Town as a "governmental unit." Therefore, those claims constitute claims upon which no relief may be granted and should be dismissed.

1. **The Court may not award the Debtors punitive damages against the Town.**

Section 106(a)(3) of the Bankruptcy Code provides, in relevant part:

> The court may issue against a **governmental unit** an order, process, or judgment under such sections [set forth in Section 106(a)(1)] or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, **but not including an award of punitive damages**.

(emphasis added).

Section 101(27) provides that the term "governmental unit" includes a "municipality." The Debtors' Complaint acknowledges that the Town is a "Massachusetts municipal corporation." *Compl.* ¶ 5. As such, the Town falls within the definition of governmental unit and, therefore, may not be subject to an award for punitive damages under the Bankruptcy Code. *See, e.g., Miller v. District of Columbia (In re Miller)*, No. 08-10028, 2009 Bankr. LEXIS 4045 (Bankr. D.D.C. Dec. 3, 2009).

Because the Court may not enter an award of punitive damages against the Town, the claim for punitive damages set forth in the Complaint, constitutes a claim upon which relief may not be granted. Therefore, those portions of the Complaint requesting punitive damages should be dismissed.

2. **The Court may not award the Debtors damages for emotional distress against the Town.**

In addition to the prohibition on an award of punitive damages, the Debtors may not recover an award for emotional distress against the Town. Under First Circuit law, the Court may not award damages for emotional distress against a governmental unit:

3

> In the end, it is clear that Congress has not "definitely and unequivocally" waived sovereign immunity under § 106(a) of the Bankruptcy Code for emotional damages awards in circumstances such as these. We hold, therefore, that sovereign immunity bars awards for emotional distress damages against the federal government under § 105(a) for any willful violation of § 524, and that immunity is not waived by § 106.

*United States v. Torres (In re Torres)*, 432 F.3d 20, 31 (1st Cir. 2005). Section 106(a)(3) of the Bankruptcy Code only permits an award of a "money recovery" against a governmental unit. Because the U.S. Court of Appeals for the First Circuit was not convinced that a "money recovery" includes awards for emotional distress, the Court of Appeals concluded that such award was not available against the United States.

Although the *Torres* case quoted above addresses a claim against the federal government, because it was decided primarily under Section 106(a)(3), which applies to all governmental units, the same reasoning applies to the Town. Damages for emotional distress are not within the scope of a "money recovery"; therefore such an award is not available to the Debtors against the Town. Because the Court may not enter an award for emotional distress against the Town, the claim for emotional distress set forth in the Complaint constitutes a claim upon which relief may not be granted. Therefore, those portions of the complaint requesting damages for emotional distress should be dismissed.

B. **Because awards for emotional distress and punitive damages are not available against the Town, those portions of the Complaint should be stricken and the Debtors barred from seeking recovery.**

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Because the claims for punitive damages and emotional distress should be dismissed as discussed above, the Complaint's allegations supporting those claims should be stricken.

Specifically, the Town requests that the Court strike (i) Paragraph 18 of the Complaint, (ii) Paragraph 19 of the Complaint, (iii) those portions of Paragraph 28 referencing emotional distress, and (iv) those portions of the "Wherefore" paragraphs referencing or requesting punitive damages

4

and/or damages for emotional distress. These portions of the Complaint serve only to request or support a claim for punitive or emotional distress damages. Because the Debtors may not recover such damages, those portions of the Complaint are, at best, "immaterial," subject to being stricken pursuant to Rule 12(f). Those portions of the Complaint also allege wrongdoing by the Town or the Town's alleged agent, and could be prejudicial to the Town. Therefore, they should likewise be stricken as "scandalous matter" under Rule 12(f). *See United States v. Sampson*, 820 F. Supp. 2d 202, 241 (D. Mass. 2011).

### IV. Conclusion.

For the foregoing reasons, the Town submits that those portions of the Debtors' Complaint seeking damages for emotional distress and punitive damages, and all factual allegations contained in the Complaint supporting those requests should be dismissed and or stricken.

> Respectfully submitted,
> TOWN OF HOLLAND
> By its Attorney,
>
> /s/ Spencer A. Stone
> Spencer A. Stone (BBO #674548)
> Bacon Wilson, P.C.
> 33 State Street
> Springfield, MA 01103
> Tel.: (413) 781-0560
> Fax: (413) 739-7740
> sstone@baconwilson.com
> November 19, 2014

5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br><br>DENNIS A. CHIPPS, SR. and<br>KAREN M. CHIPPS,<br><br>    Debtors. | **CHAPTER 13**<br>**CASE NO: 04-42170-HJB** |
| DENNIS A. CHIPPS, SR. and<br>KAREN M. CHIPPS,<br><br>    Plaintiffs<br><br>v.<br><br>TOWN OF HOLLAND and<br>JEFFERY & JEFFERY, INC.,<br><br>    Defendants. | **ADVERSARY PROCEEDING**<br>**NO. 14-04091** |

**CERTIFICATE OF SERVICE**

      I, Spencer A. Stone, of the law firm of Bacon Wilson, P.C., do hereby certify that I filed the foregoing Motion and Memorandum of Law in support thereof with the United States Bankruptcy Court for the District of Massachusetts utilizing the Court's CM/ECF system. I further hereby certify that on the 19th day of November, 2014, I cause said Motion and Memorandum of Law to be served upon the parties listed below via CM/ECF Notice of Electronic Filing:

Kevin C. Maynard on behalf of Defendant Jeffery & Jeffery, Inc.
kmaynard@bulkley.com, hfigueiredo@bulkley.com

Walter Oney on behalf of Plaintiff Dennis A. Chipps, Sr.
Walter.Oney@oneylaw.com, walter.oney@gmail.com

Walter Oney on behalf of Plaintiff Karen M. Chipps
Walter.Oney@oneylaw.com, walter.oney@gmail.com

1

Respectfully submitted,
TOWN OF HOLLAND
By its Attorney,

/s/ Spencer A. Stone
Spencer A. Stone (BBO #674548)
Bacon Wilson, P.C.
33 State Street
Springfield, MA 01103
Tel.: (413) 781-0560
Fax: (413) 739-7740
sstone@baconwilson.com
November 19, 2014

2